I commend the audience for not being in ski parks. It's a little chilly in here. I have a motion. And so, since I'm making the motion, Judge Diarza will have the opportunity to accept it or not. My motion has to do with Ms. Swan, Jennifer, who is a member of the Bar of Virginia, New Jersey, and the District of Columbia. She served as my law clerk for this last year magnificently. My colleagues have even commented on perhaps the one really wise thing I've done in the last year, which is to work with Jennifer. And with that introduction, I would move her admission to the Bar with the hopes that my colleagues will support me. Judge Rader, if I were in her position, I would also second that motion. But we need to vote on it. Judge Cruz? I wholeheartedly agree. I'm a neighbor of Judge Rader and Jennifer, and I can, too, attest to her good nature and her interest. Wonderful. Jennifer, with that motion being passed, we welcome you to the Bar of the Federal District of Columbia. Thank you. Please raise your right hand. Do you swear or affirm that you will report yourself as an attorney and counsel to this court, uprightly and according to law, and that you will support the Constitution of the United States of America? I do. Congratulations, and welcome to the United States Court of Appeals. Thank you, Clerk Orbeli. And let's then proceed to our first case this morning, Clay v. Department of Veterans Affairs. Mr. Chisholm. Good afternoon, Your Honors. Robert Chisholm for the Atalant, Jason Lee. Congress has provided that veterans be afforded certain statutory presumptions to enable them to prove, through these relaxed standards, that their diseases or injuries were incurred in service. This case involves two of those statutory presumptions, the first one being 38 U.S.C. 1111, the second one being 38 U.S.C. 1111. You've got to come up with some kind of evidence that this happened during your service, though, don't you? Absolutely. You have to have evidence of the disease. What evidence did Mr. Lee provide that his back injury didn't happen because of a fall-off of something in 1985, rather than during his service tenure in 1967? Well, I think those are two separate questions. There's evidence in the record that he injured his back in service, and the evidence there is that there was a chronic disability noted specifically in the service medical records. That, I maintain, entitles him, under 105 and 1111, to the presumption of service connection, as there was nothing noted upon entry into service which triggers 1111, and if the VA cannot rebut under 1111 that the condition both preexisted and was not aggravated by service, then the claim is won for service connection injury, as this Court decided in both Wagner and in Joyce. What about the fact that a causal link must be shown between the present disability and in-service injury? I agree with that statement. What about the case that states that? My contention, though, is that service connection is a predicate finding to the nexus question. The nexus question flows next, after one has determined that the condition is service connected. Under 1110, that's where the medical nexus question comes under, because under 1110, it has to be a condition from service that is thus disabling. And so far, we have reversed the order in the way we adjudicate the elements of the claim. So my contention is that he's entitled to the presumption under 105A to service connection, and then he then has to show that that condition that is service connected is related to some present disability. Where is the proof that this happened in the line of duty at all, that there's any connection to his during active military service? Those are two lines from the statute. During the service in the line of duty, doesn't the veteran have to have some connection to what he did during active duty? If we could turn to page 73. Can you point to anything that happened to Mr. Lee from 1967 to 1969 while he was in the military that injured his back? Well, a back problem is noted in service. Not a back problem. We're talking about something that happened to him during military service. Did he fall? Was he hit? Was there a bump in a jeep when he was riding in it? Was there some event that you can point to that he can point to that links his injury to something that happened during his service? Well, the C&P examiner on page 73 of the appendix said that his low back problems increased in service. So that would suggest aggravation under the 1111 statute. And he would not attempt to deny that a low back problem during his service occurred. You're arguing that he came into the service without any injury. And then you're saying it's aggravated. What was the injury that was aggravated? Can you point us to something that was aggravated? I'm not saying that there wasn't a preexisting condition. I'm saying there was nothing noted on entry into service. And that's important because under 1111, he's entitled to the presumption that if it's not noted on service, that he's entitled to the 1111 presumption, which presumes nothing preexisted, and the VA is the only way to rebut that. Okay, we're presuming nothing existed. Then how did it get aggravated? By nature of his time in the service. Nothing got aggravated. Therefore, there is some service connection. You're having trouble with your logic here, aren't you? Well, I think there's evidence that he has a back disability specifically noted in service on page 23, if I'm not mistaken, in the appendix. Back pain, no radiation noted. Referred for evaluation for chronic back pain on page 25 of the appendix. So this back pain, this back disability that's noted in service is what triggers the presumption under both 105A and 1111. What I'm missing here is a little different. Even assuming there's an in-service connection, an in-service injury, are you arguing the court below required here that you show evidence of a nexus between your current disability and your in-service injury, correct? Correct. That you did not satisfy that. Are you suggesting that that is not a proper requirement for your client to have to make? No, I agree with that statement. The problem is that when he gets his medical examination under 38 U.S.C. 5103A, if a disease or injury is incurred in service, the back condition, the medical examiner has to have that predicate finding in the record before he gives him the 5103A medical exam. But are you agreeing that that's an appropriate, the prong that your client has to meet in order to get the pain that he has to establish? Beyond everything else, assuming he meets the in-service injury, he still has to show that's what happened today in 1993, which is when he filed his claim, that there was a nexus between his condition then and what happened to him allegedly in service. So what did the court do wrong? The court of reference claims were wrong. What did the court do wrong? Did they find he didn't have sufficient evidence? The problem is they deprived him of the benefit of both 105A presumption and 1111 presumption. And the question is, what do you get when you receive the benefit of those presumptions if not service connection? Wait, so are you saying the benefit of those presumptions satisfy this test without putting on any evidence of nexus? I don't understand the link between those presumptions and whether or not he has to satisfy this test. I think the problem is how we define service connection. If you're including the definition of service connection, the element of compensation that he has to show a present disability related to service, I don't think that's what service connection means under the definition under 10116 or under 105. He doesn't have to meet that prong. So are you saying he does not have to provide any evidence to show a nexus between his current disability and his in-service injury? For service connection. But to get disability compensation under 1110, he does have to show both. But at this point in time, the only thing that the board denied was the element of service connection. And the problem is they deprived him and did not afford him the benefit of those two presumptions. Well, the first presumption, though, is the in-service injury presumption. So let's assume that 105A was met. But you still need to establish a causal link between the in-service injury and the present injury? I do. And my complaint is by depriving him of the benefit of that presumption. Of which presumption? Of the 105A presumption and depriving him of the 1111 presumption and moving right to medical nexus. When they went and got the examination that's on page 70 to 73 of the appendix, the doctor did not have the predicate finding that there was something that occurred in service that under the presumption of 105A and 1111, he is service connected for. And that's where the error occurred by depriving him of those presumptions. And that is the argument. Let's assume you break your leg while you're in service and there's no disability and your leg heals and 20 years later you break your leg again. Under your theory, would someone then, for the second broken leg, be automatically entitled to some presumption that he should get payment for disability for the second broken leg? No, he'd be entitled to the presumption that the first broken leg is service connected, albeit at a 0% rate. He would then have to show that there's a relationship between the second injury and the first injury that happened in service with medical nexus evidence. And that's what they required that he show here. So I don't understand why there's any disagreement. They never gave him the benefit of the presumption that the back problem originated in service, incurred in service under 105A and 1111. They went straight to nexus and they redrafted it. But what's the harm? Even if they did it in the wrong order, the bottom line is you're conceding that at some point, in order for him to get compensated, he's going to have to show a nexus between the in-service injury and his current disability. But isn't he entitled to the predicate finding of service connection that what's noted in the- What does that finding of presumption do to that ultimate question that I've just told you? You still have to prove it, right? Are you suggesting that once he satisfies the other presumption, he no longer has to prove the nexus? What I'm saying is it tainted the medical exam by not having that predicate finding. When they go out and get the duty to assist, it's poisoned by the fact that the doctor doesn't have the predicate finding that the injury actually occurred in service. That there was a back injury in service, that it's presumed to have occurred in service and be related to service. The question now is, assuming that, is this present disability, which was shown in 1993, related to the disability that occurred back in service? Even with your presumption, don't you have to prove the nexus? To get disability compensation, that's true. What the board denied was the element of service connection in this claim. That's what the board found in its decision, in its conclusion of law. And the court below deprived him of that. You need some nexus for service connection. Well, I don't think that's what the court held in shedding. I think what the court held in shedding was service connected means incurred in the line of duty. Now, shedding arose in the cue context. So he had to have an outcome-determined error in order to win. This claims here on the merits is not in the cue context. And by depriving him of that benefit, it taints the medical examination when the VA goes out and tries to assist him, without giving the doctor the predicate finding under the statutory presumption. The doctor doesn't know how these statutory presumptions work. But even assuming that shedding was under the cue aspect of the claim, would it make any difference as to the causal relationship that still needs to be established for the purpose of the recovery? To get disability compensation, I agree. Under 1110, he absolutely has to show that his 1993 disability is related to some event in service. The VA has to assist him, and assisted him in that by getting an examination. But what they failed to tell the doctor is how these presumptions operate. And those presumptions are critical so that the doctor can then make the necessary findings in the medical report. And by depriving him of both the 1111 presumption and the 105 presumption, he's deprived of a medical examination based on the proper interpretation of these presumptions. Thank you. Mr. Chandler. May it please the court. Mr. Lee initiated this litigation in 1993 by submitting a claim for compensation for a present service-connected disability pursuant to 38 U.S.C. 1110. That's what his claim has always been about. In order to demonstrate an entitlement to compensation under 38 U.S.C. 1110, the law is well settled that a veteran must show a present disability, an injury incurred during service, and a medical nexus between the two. But that's for recovery. Pardon? That's for the recovery of disability, isn't it? Now what about the two presumptions that Mr. Chisholm is speaking about? What about the first presumption, which is not in the medical record, shown on pages 87 through 73? Well, regardless of whether he's entitled to a presumption, he's still going to show a medical nexus in order to be entitled to benefits. So it's at the final analysis whether or not he's entitled to a disability. Does the doctor really have to make a determination initially as to whether or not the presumption of in-service injury exists? In other words, there's a back injury in the service, and there's a presumption there that the back was injured in the service. There's a second presumption in Section 111, which is not even treated unless you get the first presumption. And after those two presumptions are concluded, then you go to the 1.10 determination of disability and recovery. Well, I don't think the application of the presumptions in 111 and 105 would have changed the analysis here, because what the board found was that the board looked at all the medical evidence and concluded that there was no medical nexus. There was no dispute as to whether or not Mr. Lee had a back condition while he was in service, and certainly they could have looked at that particular back condition to make the medical, to undertake the medical nexus analysis. But they noted that there was no evidence of any sort of nexus between a present condition and an injury. Well, what about Mr. Chisholm's point that that analysis in the PDU Assist was infected by the failure to apply the presumptions in the first place? It wasn't infected, because the board looked at all the medical evidence and determined that there was no connection between any present disability and a condition that Mr. Lee had during service. In other words, the board didn't question whether he had a medical, a back problem during service. I mean, that much was established by the medical board when he was in service, when he was discharged. So the board could have looked at that medical condition in this case in order to, in making a determination with respect to a medical nexus. And in any event, I mean, the evidence that the board relied on most heavily in making that determination was the complete lack of treatment records between 1967 and 1985 for any back injuries suffered by Mr. Lee. So even if they had presumed that there was some back condition in 1967, the lack of treatment records for that long a period, for nearly 20 years, in and of itself could have formed the basis of a determination that there was no medical nexus between the two. Mr. Chandler, we have the Shedden case, which seems to say you need a nexus even with the presumptions. And we've got the Wagner case, which emphasizes that the presumptions have great force standing along reconciling plates. Well, I don't think Wagner speaks that broadly about the force of the presumptions. I mean, there is a statement in Wagner that says that once the presumption of soundness is established, then the claim is for service connection. But the court was saying that there is a claim for service connection, and was simply drawing a distinction between a claim for aggravation versus a claim for an injury that was incurred or first manifested itself during service. And the presumptions operate effectively to convert some claims that would otherwise be aggravation claims into service connection claims. But it doesn't say that once you establish the presumption of soundness that the veteran has established service-connected present disability, which is what Mr. Lee seems to be arguing that it does say. And I think in that analysis as well, the court presupposes that there's evidence of an injury incurred during service or manifested during service. Because otherwise, if you accept Mr. Lee's argument that the establishment of the presumption of soundness affirmatively establishes present service-connected disability, then in this case, for instance, even if Mr. Lee had suffered no injury while he was in service and had no record of any sort of back injury until 1985, the presumption of soundness would operate because obviously nothing had been noted on his injuries. So under the presumption of soundness, he would have established the presumption of soundness. It could not be rebutted by showing a preexisting condition under the terms of 105 because there was no preexisting condition. In fact, there was no condition until 1985. But under Mr. Lee's analysis, that condition wouldn't necessarily have to be a service-connected condition. And I think there's something misleading about the way Mr. Lee uses the phrase service connection in this context. I mean, Shedman actually draws this distinction quite nicely. In Shedman, the court said that the presumption under 105 establishes a service-connected injury and contrasted that with the establishment of a service-connected disease or disability, a service-connected present disease or disability. And the way that the court drew the connection between the two is through the medical nexus problem. But in Mr. Lee's briefs, he seems to – what he does over and over again is to say, well, he's entitled to – that he established service-connectedness. But service-connectedness in and of itself isn't a meaningful term. In a vacuum, it doesn't mean anything. There are service-connected injuries and there are service-connected present disabilities. But there is no such thing as a service-connected disorder as he seems to ask this court to find. One of the things that puzzled me in the analysis, I mean, you're correct, and I think there was quite a lot of reliance on the fact that he never came up with any problems after a long passage of time. But also there seems to be a reliance on this injury being a bet that he fell off a 73-foot scaffold, which the suggestion is that that was the injury that precipitated his background. Am I right about that? I'm not sure that they necessarily relied on that as a precipitating event, but relied on the fact that there wasn't any evidence connecting the current injury to whatever past conditions Mr. Lee might have had. But it seems to me that under the right circumstances, it's hard to kind of flesh out – let's assume there was no significant passage of time, a year or two later after he'd had an in-service back injury, something like a scaffold fall happens. How can a veteran prove, after an intervening event such as a fall, how can he prove the requisite nexus between a back injury which occurred, manifests itself a year later, but also after another fall, how can he prove the nexus that's involved? Through medical evidence, through medical testimony. I mean, you presumably would have to have a doctor testify that his present condition is causally related to an injury incurred during service. It's hard to do under certain circumstances. Depending on the circumstances, meeting that burden of proof could be difficult. But in order to be entitled to benefits under 1110, this veteran has to be able to demonstrate a service-connected disability. If he's not able to draw that connection or prove it to the satisfaction of the board, then, unfortunately, he wouldn't be entitled to benefits. And I think the other issue here is really what Mr. Lee is asking for. And that's not entirely clear. Because even if he was right with respect to the operations and presumptions, all he would have established is the first prong under the collusive and shed in test. And what he seems to be asking for is some sort of declaration. He seems to be arguing that he was entitled to a declaration from the Board of Veterans' Appeals that he actually established that prong. I don't know if he's attempting to set up some sort of collateral stop argument in another context. There's some suggestion of that in his brief. But regardless of what sort of relief he wants, he's arguing that he should have received below. He didn't argue for that below. The only relief he asked for to the Court of Appeals for Veterans Claims was for a remand reversal with instructions to find a service-connected back disorder. But he never drew this dichotomy between finding a connection on the one hand versus an establishment of an entitlement to compensation. He never argued that he was entitled to the former but not the latter, and that one of the other courts, the BVA specifically, should have given a declaration to that effect. If there are no further questions, I'd say with respect to the request, that this Court affirms the decision of the Court of Appeals for Veterans Claims. Thank you, Mr. Chairman. Mr. Chairman, I presume you have about two minutes remaining. What Mr. Lee sought below what he seeks here is to be afforded the benefit of the presumption of soundness in 105A. He asked for that below. I think the problem with the government's argument here is that they equate finding a service connection to include the element of something incurred in service. What about the point that service connection really is not meaningful divorced from either injury or disability? It is meaningful because one could be service connected and assigned a 0% rating, and that 0% rating in and of itself- A 0% rating on some injury or disability, right? Yes. You have to connect the notion of service connection to the injury or disability. Well, I think again- There isn't just a condition of service connectedness, is there? Well, the finding of service connection is that there was an injury disease in service and- On an injury. On an injury. And that's the whole point. We're not sure if we have an injury to do with our work. Well, I heard the DOJ attorney say they conceded that fact, and I think the record shows that that is in fact the case. So he's at least entitled to a 0% rating, which is meaningful in the VA system because it gives him a higher priority, for example, for medical care. And again, I think the critical problem in the deprivation of these presumptions to Mr. Lee was the way it tainted the medical examination that they went out and got for him. And that's where the impact is felt in this situation. So this question really confronts this court with what do you get under the 105A presumption, and what do you get under the 1111 presumption when they are unrebutted? It's my contention to get a finding of service connection, not necessarily a right to disability compensation. Thank you. Thank you, Mr. Chisholm.